UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23025-BB

FRUGALITY, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED THIRD-PARTY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff FRUGALITY, INC. by and through its undersigned counsel, hereby moves this Honorable Court for leave to conduct expedited discovery of third-parties DHgate which is part of the Dunhuang Group of e-commerce companies and includes DHPay, Inc. ("DHgate Parties"), and Shopify, Inc. of Canada with a U.S. subsidiary in California, Shopify (US), Inc., and in support thereof states as follows:

    1.    The Court in this case entered its temporary restraining order (TRO) on August 25, 2021.

    2.    Immediately upon receipt of the Court's TRO, the plaintiff contacted the third-party marketplace platforms where defendants listed on Schedule "A" to the Complaint engaged in the infringing activity alleged herein, and advised the third-party platforms that immediate compliance with the Court's TRO was required in order that plaintiff could obtain identifying

information to give defendants notice by electronic means of this Court's TRO and the date and time of the hearing on plaintiff's motion for preliminary injunction.

3. As of the date of this motion, DHgate which is part of the Dunhuang Group of e-commerce companies and includes DHPay, Inc. ("DHgate Parties") has not responded or provided the information required by the Court's TRO, even though the TRO was sent to the DHgate Parties with a letter explaining its obligations the same day of issuance.

4. Unfortunately, this is not unusual for the DHgate Parties. In *North Atlantic Operating Company, Inc. v. JingJing Huang*, the district court entered a temporary restraining order similar to the one in this case that required third-party internet marketplace platforms to comply with an asset freeze and produce information concerning the defendants on an expedited basis. 194 F. Supp. 3d. 634 (E.D. Mi. 2016). The DHgate Parties failed to comply.[1] See *North Atlantic Operating Company, Inc. v. EBay Seller Dealz_For_You*, Case No. 2:17-10964, 2017 WL 6059505 (E.D. Mi. Dec. 7, 2017) (granting motion for expedited discovery against the DHgate Parties for good cause shown because the discovery was essential to help identify all accounts involved in the defendants' alleged counterfeiting schemes).

5. In addition, as of the date of this motion, Shopify, Inc., which is a Canadian company, and its subsidiary, Shopify (US), Inc. ("Shopify"), have refused to comply with the court's TRO. Shopify has raised privacy concerns based on Canadian law. Canadian privacy laws are obviously inapplicable to Chinese defendants who are selling and offering for sale infringing goods in the U.S.

6. The plaintiff obviously requires the information in the control of the DHgate Parties and Shopify in order to comply with this Court's TRO. The information in the control of

---

[1] Ultimately, the DHgate parties were held in contempt for their non-compliance. See *In re Subpoena Duces Tecum to Dunhuang Group*, Misc. Action 18-51051, Case No. 2:17-10964, 2019 WL 2150947 (E.D. Mi. May 7, 2019).

these third-parties is essential to help identify all accounts involved in the defendants' alleged counterfeiting schemes. It is also necessary to permit plaintiff to comply with this Court's order authorizing alternate service of process.

7. Proposed subpoenas to the DHgate Parties and Shopify are attached hereto as Exhibit 1.

## MEMORANDUM OF LAW

Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *Tracfone Wireless, Inc. v. Adams,* 304 F.R.D. 672, 673 (S.D. Fla. 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal. 2002).

Expedited discovery is warranted where, as here, there is a showing of good cause. Good cause is shown by the record supporting the entry of the TRO in this case. Expedited discovery is also warranted so that plaintiff may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme. *See, e.g., United States v. Mayer,* 2003 WL 1950079, at *1–2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.,* 749 F. Supp. 473, 475 (S.D.N.Y.1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm).

WHEREFORE, this court should grant the motion and permit plaintiff to serve third-party subpoenas on the DHgate Parties and Shopify to obtain the information required by this Court's TRO.

DATED: August 31, 2021					Respectfully submitted,

			*/s/ Joel B. Rothman*
			JOEL B. ROTHMAN
			Florida Bar Number: 98220
			joel.rothman@sriplaw.com
			CRAIG A. WIRTH
			Florida Bar Number: 125322
			craig.wirth@sriplaw.com
			**SRIPLAW**
			21301 Powerline Road
			Suite 100
			Boca Raton, FL 33433
			561.404.4350 – Telephone
			561.404.4353 – Facsimile

			*Counsel for Plaintiff Frugality Inc.*