# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-23025-BB

FRUGALITY, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

    Defendants.

## [proposed] ORDER GRANTING MOTION FOR LEAVE TO CONDUCT EXPEDITED THIRD-PARTY DISCOVERY

This matter is before the Court on plaintiff's Motion for Leave to Conduct Expedited Third Party Discovery. For good cause shown, the motion is granted.

This is a federal trademark counterfeiting and infringement case in which plaintiff alleges that defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing what plaintiff has determined to be counterfeits, infringements, reproductions and/or colorable imitations of plaintiff's respective registered trademarks.

A Temporary Restraining Order (TRO) was entered in this case on August 25, 2021. The TRO required certain third-party internet marketplace platforms to provide expedited discovery and information to plaintiff including the true names and identities of the defendants and their purchase and sales history over several years. The third-party internet marketplace platforms were also required to implement an asset freeze for defendants.

1.      In the Motion, plaintiff states that while most of the third-party internet marketplaces have cooperated, several have not responded, including DHgate which is part of the Dunhuang Group of e-commerce companies that includes DHPay, Inc. ("DHgate Parties"), and Shopify, Inc. which is based in Canada but has a U.S. subsidiary in California, Shopify (US), Inc. Based upon this Court's TRO entered in this case, pursuant to which third-parties are required to comply to help identify all accounts involved in the defendants' alleged counterfeiting schemes, and to provide plaintiff with information necessary to permit plaintiff to comply with this Court's order authorizing alternate service of process, good cause is shown for the relief requested.

Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *Tracfone Wireless, Inc. v. Adams,* 304 F.R.D. 672, 673 (S.D. Fla. 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal. 2002).

Expedited discovery is warranted where, as here, there is a showing of good cause. Good cause is shown by the record supporting the entry of the TRO in this case. Expedited discovery is also warranted so that plaintiff may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme. *See, e.g., United States v. Mayer,* 2003 WL 1950079, at *1–2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.,* 749 F. Supp. 473, 475 (S.D.N.Y.1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm).

3

Plaintiff has shown that limited discovery is essential to help identify all accounts involved in defendants' alleged counterfeiting schemes. Plaintiff has further demonstrated that the requested discovery is reasonable in scope, is similar to expedited discovery this Court has already ordered, and that the discovery will not overburden the third-parties. Accordingly, plaintiff's motion for limited expedited discovery is GRANTED and Plaintiffs may serve the Rule 45 subpoenas attached to the motion as exhibits on the DHgate Parties and Shopify.

**DONE AND ORDERED** in _____, Florida, this \_\_th day of \_\_\_\_\_, 20\_\_.

_____
UNITED STATES DISTRICT JUDGE