UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23025-BLOOM/Otazo-Reyes

FRUGALITY INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## SEALED ORDER ON SECOND MOTION FOR LEAVE TO CONDUCT EXPEDITED THIRD-PARTY DISCOVERY

**THIS CAUSE** is before the Court upon Plaintiff's Second Motion for Leave to Conduct Expedited Third-Party Discovery, ECF No. [18] ("Motion"), filed on September 3, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

This is a federal trademark counterfeit and infringement case in which Plaintiff alleges that Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of Plaintiff's registered trademarks. On August 24, 2021, a Temporary Restraining Order ("TRO") was entered in this case. *See* ECF No. [11]; *see also* ECF No. [15]. The TRO required certain third-party internet marketplace platforms to provide information to Plaintiff, including the true names and identities of the Defendants and their purchase and sales

history over several years. The third-party internet marketplace platforms were also required to implement an asset freeze against Defendants' accounts.

The TRO requires that third parties comply to help identify all accounts involved in the Defendants' alleged counterfeiting schemes and provide Plaintiff with information necessary to permit it to comply with this Court's order authorizing alternate service of process, ECF No. [11]. Nevertheless, Plaintiff's Motion explains that, while most of the third-party internet marketplaces have cooperated, to date, Alibaba Group, which includes Alibaba, AliExpress, and AliPay, (collectively, the "Alibaba Group Entities") has not provided the information requested and there are some Defendants' listings on the Alibaba Group Entities' platforms that remain active, which indicates that the Alibaba Group Entities have not complied with the TRO. Plaintiff now seeks expedited discovery from the Alibaba Group Entities in order to identify Defendants, implement the asset freeze, and sufficiently provide Defendants with notice of the preliminary injunction hearing in this case.

**II. LEGAL STANDARD**

"The Federal Rules of Civil Procedure provide that discovery *may commence before* the parties have engaged in a discovery conference, if ordered by the court." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 26(d), (f)). Moreover, "[c]ontrol of discovery is committed to the sound discretion of the trial court[.]" *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (citations omitted).[1] "A district court has the discretion to order expedited discovery if the party seeking it establishes 'good cause' for such discovery." *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020) (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016)). "Good cause can be shown by establishing some impelling urgency which necessitates action forthwith and excuses giving notice to the other party." *Ghaffari v. Collins Tower Ass'n*, No. 13-21037-CIV, 2013 WL 12141254, at *1 (S.D. Fla. June 18, 2013); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

> Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

*St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-cv-333-Orl-28, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013) (citation omitted).

"Courts generally find good cause in cases in which . . . the plaintiff seeks a preliminary injunction." *Burns v. City of Alexander City*, No. 2:14-cv-350-MEF, 2014 WL 2440981, at *1 (M.D. Ala. May 30, 2014) (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Indeed, courts in this District have permitted expedited discovery to allow a plaintiff to mitigate any further irreparable harm caused by a defendant's ongoing infringement scheme. *See M. C. v. Geiger*, No. 6:18-cv-1486-Orl-41TBS, 2018 WL 7256344, at *1 (M.D. Fla. Nov. 21, 2018); *see also TracFone Wireless, Inc. v. CNT Wireless LLC*, No. 1:19-cv-24325, 2019 WL 5863911, at *2 (S.D. Fla. Nov. 8, 2019) ("The Court further finds that expedited discovery is warranted so that TracFone may mitigate any additional irreparable harm caused by Defendants' alleged ongoing scheme."); *United States v. Mayer*, No. 8:03-cv-415-T-26TGW, 2003 WL 1950079, at *1-2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil

3

discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm). Nevertheless, while "'[e]xpedited discovery [may be] appropriate in cases involving preliminary injunctions,' '[it] is not automatically granted merely because a party seeks a preliminary injunction[.]'" *Centennial Bank*, 2016 WL 7376655, at *2 (quoting *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (CD. Cal. 2009)).

### III. DISCUSSION

Here, the Court finds that good cause exists to grant Plaintiff's request to seek limited expedited discovery from the Alibaba Group Entities. Initially, the Court notes that, while not dispositive on its own, the entry of a TRO weighs in favor of allowing the requested discovery here because Plaintiff has sufficiently established viable claims of trademark infringement against Defendants. *See Centennial Bank*, 2016 WL 7376655, at *2. Furthermore, Plaintiff's requested discovery is limited in scope and is sufficiently tailored to correspond to the relief granted in the TRO. *See* ECF No. [18-2]. The discovery request here seeks only to obtain information to identify the Defendants and the accounts used in the infringement in order to properly serve Defendants with notice of this action and the scheduled preliminary injunction hearing. *See* ECF Nos. [11], [12], & [15]. Moreover, the subpoena attached to Plaintiff's Motion request discovery aimed at mitigating any additional irreparable harm caused by Defendants' alleged ongoing infringement scheme. Therefore, upon review of the requested expedited third-party discovery and the record in this case, the Court concludes that good cause exists to grant Plaintiff's Motion. *See Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 10787748, at *1 (M.D. Fla. May 23,

2019) ("Upon consideration of the Motion, the Proposed Subpoena and supporting documentation, and the remainder of the file, the undersigned finds Plaintiff has met the good cause standard to serve a third-party subpoena in that Plaintiff has sufficiently alleged infringement, and it does not have another way to discover Defendant's (the alleged infringer's) identity to serve Defendant with process and proceed with the litigation."); *see also Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (noting that when determining if third-party subpoenas are appropriate courts should consider their relevance and the need for documents).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [18]** is **GRANTED**. Plaintiff may serve the attached Rule 45 subpoena, **ECF No. [18-2]**, on the Alibaba Group Entities. In doing so, Plaintiff must comply with all requirements of Rule 45, including those relating to service of the subpoena under Rule 45(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record