**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23025-BLOOM/Otazo-Reyes**

FRUGALITY INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Final Judgment by Default as to Defendants numbered 2, 4-6, 8, 9, 11, 15-19, 21, 22, 24-26, 28-30, 32, 33, 35, 40, 41, 44-46, 48-52, 54-56, 58, 60-66, 68, 69, 72-82, 84-91, 93, 94, 98-99, 101-114, 116-120, 122-134, 137, 139, 142-146, 148-178, 180, 181, 183-190, 192-194, 197, 198, 200, 203, 204, 206-209, 211, 215, 216, 219, 220, 222-225, 236, 237, 240, 248, 249, 253, 254, 256, 257, 259, 261, 265, 266, 269, 271, 274, 276, 277, 278, 281, 283, 287, 289, 291, 294, 296, 301-303, 305, 306, 313, 324, 338, 340, 341, 344, 347, 348, 352-354, 356, 357, 360, 363, 365, 367-371, 374, 376, 382-386, 388, 397, 402-404, 406, 410, 419, 421, 422, 424, 426, 433, 437, 441, 458, 485, 486, 490, 491, 494, 496, 501-504, 508, 510, 511, 517, 518, 520-523, 526-528, 530, 531, 537, 538, 540, 541, 543, 546, 549-552, 555-560, 562-564, 568, 570-578, 582, 583, 585-595, 597-604, 606-609, 615, and 625 (collectively, "Defaulting Defendants"). *See* ECF No. [194] ("Motion").[1]

---

[1] After the filing of Plaintiff's Motion, the Court dismissed Defendants numbered 59, 92, 97, 195, 199, 238, 263, 268, 282, 286, 288, 290, 292, 295, 297, 308, 332, 411, and 512. *See* ECF Nos. [198], [205], [208], [210]. This Final Default Judgment and Permanent Injunction do not apply to the dismissed Defendants.

Case No. 21-cv-23025-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Judgment is hereby entered in favor of Plaintiff FRUGALITY, INC. ("Frugality" or "Plaintiff") and against Defaulting Defendants, and Frugality is granted relief as follows:

1. Permanent Injunctive Relief:

    a) Each Defaulting Defendant listed on Schedule A attached hereto, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby permanently restrained and enjoined:

        i. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the SECRET XPRESS CONTROL Mark, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

        ii. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the SECRET XPRESS CONTROL Mark, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the SECRET XPRESS CONTROL Mark, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defaulting

   Defendant, including, but not limited to, any assets held by or on behalf of any Defaulting Defendant;

b) Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Permanent Injunction shall immediately and permanently discontinue the use of the SECRET XPRESS CONTROL Mark, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Order is limited to the Defaulting Defendants' listings using the SECRET XPRESS CONTROL Mark, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defaulting Defendants' entire e-commerce stores.

c) Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Preliminary Injunction shall immediately and permanently discontinue, the use of the SECRET XPRESS CONTROL Mark, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to

        direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defaulting Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

   d) Defaulting Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Payoneer, Inc. ("Payoneer"), NewEgg Commerce, Inc. ("NewEgg"), WorldFirst UK Limited ("WorldFirst"), or PingPong Global Solutions Inc. ("PingPong"), Joom, SIA (Latvia) ("Joom"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates on which this Court imposed restraints under the Preliminary Injunction are ordered to apply the funds restrained to satisfy the monetary judgments.

2. Trademark Counterfeiting and Infringement as to all Defaulting Defendants:

   a) Statutory damages of $100,000.00 in favor of Plaintiff against each Defaulting Defendant pursuant to 15 U.S.C. § 1117(c), for which let execution issue.

3. Attorney's Fees and Costs of Suit as to all Defaulting Defendants, jointly and severally,

for which let execution issue:

    a) For reasonable attorney's fees: **$129,762.50**; and

    b) For costs: **$402.00**.

4. Release of bond:

    a) The bond posted by Plaintiff in the amount of $10,000.00 is ordered to be released by the Clerk.

5. The Court orders execution to issue for this judgment.

6. The Court denies all relief not granted in this judgment.

7. This is a **FINAL JUDGMENT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record